**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **SHAWN LIGGONS** | Case No.: _____ |
| **Plaintiff,** | JUDGE: _____ |
| v. | **COMPLAINT WITH JURY DEMAND ENDORSED HEREON** |
| **NEW BERN TRANSPORT CORPORATION** c/o Its Statutory Agent CT Corporation System 1300 East 9th Street Cleveland, Ohio 44114. | Trial Counsel: Charles S. Herman (0080187) Charles Herman Law 411 N. Michigan, Suite 300 Toledo, OH 43604 |
| **Defendant.** | PH: 419-244-7500 FAX: 419-244-7805 E-Mail:charles@charleshermanlaw.com |
| | **Attorney for Plaintiff** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Now comes Plaintiff Shawn Liggons, by and through counsel, and for his Complaint against Defendant New Bern Transport Corporation (hereinafter "Defendant"), states and alleges the following:

**JURISDICTION AND VENUE**

1. This action is brought to remedy discriminatory and retaliatory acts of the Defendant in violation of: (a) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") for race discrimination and retaliation; (b) Ohio Revised Code ("O.R.C.") §§ 4112.02 and 4112.99 for race discrimination and retaliation; and (c) the Fair Labor Standards Act of 1983, 29 U.S.C.A. §§ 201 to 219 (hereinafter "FLSA") and more specifically under 29 U.S.C.A. § 215(a)(3) for retaliation.

2. Jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 1331; 28 U.S.C. § 1332; 29 U.S.C. § 1343; 42 U.S.C. § 2000e-(5); and 29 U.S.C. § 1337. Plaintiff's state law claims are properly before the Court pursuant to the doctrines of pendent and/or supplemental jurisdiction invoked pursuant to 28 U.S.C. § 1367. Injunctive and declaratory relief and damages are sought pursuant to 42 U.S.C. § 2000e-5(f) and (g), along with monetary relief.

3. Plaintiff filed three (3) separate charges of discrimination and retaliation against Defendant. The first two (2) charges were filed with the Ohio Civil Rights Commission ("OCRC") and dually filed with the Equal Employment Opportunity Commission ("EEOC"). The third charge was only filed with the EEOC. The first charge was dually filed with the OCRC and the EEOC on or about November 18, 2015, complaining of the acts of race discrimination alleged herein. The second charge was dually filed with the OCRC and the EEOC on or about November 30, 2015, complaining of acts of race discrimination and retaliation alleged herein. The third and final charge was filed with the EEOC on or about September 28, 2016, complaining of acts of retaliation alleged herein. The EEOC notified Plaintiff of his right to institute this action by issuance of a "Notice of Right to Sue", which Plaintiff received on October 27, 2016 (attached hereto as Exhibit "1"). Plaintiff has complied fully with all administrative prerequisites under Title VII and otherwise.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the Defendant's offices are within this Court's jurisdiction and because all, or a substantial part of all of, the events or omissions giving rise to Plaintiffs' claims occurred within this Court's jurisdiction.

## THE PARTIES

5. At all times relevant, Plaintiff was a citizen of the United States and a resident of Lucas County, Ohio. Plaintiff is an individual formerly employed by Defendant and is therefore an employee as defined within the meaning of O.R.C. § 4112.01(A)(3); Title VII (42 U.S.C. § 2000e(b)); and the FLSA.

6. Defendant New Bern Transport Corporation ("New Bern" or "Defendant") is a foreign corporation doing business under the laws of the State of Ohio and owns, operates, manages and/or controls the business located at 3245 Hill Avenue, Toledo, Ohio 43607 in Lucas County, Ohio. At all times relevant to this action, Defendant was an "employer" as defined within the meaning of O.R.C. § 4112.01(A)(2); Title VII (42 U.S.C. § 2000e(b)); and the FLSA.

7. At all times relevant, Defendant was an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

8. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

9. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. Upon information and belief, Defendant had annual revenue in excess of $500,000.00.

## FACTS

1. Plaintiff is an African American male and is in the statutorily protected class for race.

2. Plaintiff was employed as a Commission Pre-sell Driver Merchandiser ("D-Bay Driver") from July 10, 2014 until his termination.

3. Plaintiff's job duties included driving merchandise to different delivery spots, unloading and stocking these products on customer shelves, and tracking the inventory.

4. D-Bay Drivers are awarded and assigned routes based on driver qualifications and seniority.

5. Plaintiff was awarded and assigned a route in September 2014 because he had the requisite driver qualifications and seniority.

6. Plaintiff at all times had an excellent work record and was well qualified for the positions he held.

7. Plaintiff's compensation, as well as the compensation of other D-Bay Drivers, included a commission component as well as a base rate of pay.

8. Plaintiff regularly worked over sixty (60) hours per week.

9. Plaintiff delivered approximately six hundred (600) cases a day.

10. Plaintiff earned approximately $1,000 per week, including overtime.

11. Plaintiff's overtime compensation was determined using a variation of the fluctuating work week method.

12. Plaintiff's average hourly rate of pay was determined by adding his base pay and commission and then by dividing it by the number of hours that he worked in any given week.

13. Defendant's management in Toledo communicated regularly through phone and e-mail with dispatch in Chicago and jointly switched routes around several times a day and week.

14. Defendant's management in Toledo and dispatch in Chicago jointly act to plan the routes that D-Bay Drivers drive on a daily basis.

15. On or about September 17, 2015, Plaintiff complained about the lack of overtime pay under the FLSA in writing to Defendant and requested a complete audit of his time and pay records.

16. On or about October 12, 2015, Plaintiff submitted evidence to his supervisor, Mr. Dave Wilkins showing that he had not been paid overtime from his date of hire.

17. Defendant's management in Toledo and dispatch in Chicago acted in concert to intentionally stretch Plaintiff's route because of his race and protected activity by adding stops that were out of the way to Plaintiff's assigned route.

18. The route that a D-Bay Driver is assigned to drive does not have to be driven by that assigned D-Bay Driver on any particular day because D-Bay Drivers are allowed to use seniority to bump other D-Bay Drivers with less seniority from their assigned routes.

19. Plaintiff was frequently bumped off of his assigned route by Caucasian D-Bay Drivers.

20. Defendant denied Plaintiff's ability to bump less senior Caucasian D-Bay Drivers because of his race and protected activity.

21. On or about October 16, 2015, Plaintiff submitted additional evidence to Mr. Wilkins and Mr. Jackson regarding the failure to pay overtime under the FLSA.

22. On or about November 17, 2015, Plaintiff received a worksheet from Mr. Wilkins indicating that the Defendant had in fact failed to properly pay Plaintiff the overtime pay that Plaintiff was entitled to, but Defendant had failed to include all of the money due Plaintiff.

23. Plaintiff filed his first charge of discrimination with the OCRC and the EEOC on or about November 18, 2015, complaining of acts of race discrimination.

24. On or about November 23, 2015, Mr. Wilkins told Plaintiff that the Defendant was going to pay a portion of the overtime compensation that was due to Plaintiff and was going to look into the remaining balance that Plaintiff claimed was owed.

25. On or about November 27, 2015, Plaintiff telephoned several other employees of Defendant, as well as Mr. Wilkins, asking about the payment of the overtime compensation.

26. On November 28, 2015, Plaintiff finished his route and was off duty for the day.

27. After finishing work, Plaintiff was walking home and stopped in a Kroger store to use the bathroom.

28. Plaintiff was exhausted and fell asleep in the bathroom.

29. Plaintiff woke up and left the store.

30. On or about November 30, 2015, Defendant suspended Plaintiff without pay pending investigation into what happened at the Kroger store.

31. On November 30, 2015, Plaintiff filed his second charge of discrimination with the OCRC and the EEOC, complaining of acts of race discrimination and retaliation.

32. On or about December 4, 2015 Defendant paid Plaintiff all of the overtime compensation that he was due and had been denied from the beginning of his employment with Defendant until the last pay period.

33. On or about December 17, 2015, Plaintiff received a letter dated December 10, 2015 and postmarked December 14, 2015 from Defendant indicating that he was terminated.

34. As grounds for said termination, Defendant claims that: (a) Plaintiff was in a Kroger store outside of work hours wearing his Pepsi uniform; (b) Plaintiff was asleep in the bathroom; and that (c) Plaintiff was intoxicated.

35. Plaintiff was not intoxicated at the Kroger store.

36. Defendant claimed that the above facts show a violation of Defendant's General Rules of Conduct as follows:

> "Any immoral or indecent conduct or unlawful or improper conduct, whether on or off Company premises or on or off working time, which casts discredit upon the Company's reputation or image or which adversely affects the employee's relationship with his fellow employees, supervisors or customers or adversely affects the Company's products, property or goodwill."

37. On or about September 28, 2016, Plaintiff filed his third charge of retaliation with the EEOC complaining of acts of retaliation in relation to his termination.

**FIRST CLAIM FOR RELIEF**
**FLSA**
**Retaliation**
**FLSA - 29 U.S.C. § 215(a)(3)**

38. Plaintiff reavers, realleges, and incorporates herein each and every averment and allegation of this Complaint as though fully set forth herein verbatim.

39. Plaintiff made both oral and written complaints concerning his unpaid overtime wages.

40. Defendant was on notice that Plaintiff was asserting his rights under the FLSA.

41. Plaintiff's complaints to Defendant for violations of the FLSA were activities protected by the FLSA.

42. Plaintiff's termination was the direct and proximate result of his complaints to Defendant for violations of the FLSA.

43. Defendant terminated Plaintiff's employment in retaliation for his pursuit of his rights under the FLSA, in violation of 29 U.S.C. § 215(a)(3).

44. Defendant's allegation of immoral and indecent conduct while Plaintiff was off duty and off Defendant's premises was a pretext for terminating him in violation of the FLSA.

45. Defendant's wrongful and retaliatory termination of Plaintiff was willful and intentional.

46. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages including, but not limited to: (a) the loss of his job position including back pay, future pay, and lost fringe benefits and pension benefits in an amount to be proven at trial; (b) liquidated damages; (c) costs and reasonable attorney's fees of this action; (d) prejudgment and post-judgment interest; and (e) such other relief as the Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### Retaliation
### Title VII - 42 U.S.C. § 2000e et seq.

47. Plaintiff reavers, realleges, and incorporates herein each and every averment and allegation of this Complaint as though fully set forth herein verbatim.

48. Plaintiff engaged in protected activity under Title VII when he filed charges of discrimination on November 18, 2015 and discrimination and retaliation on November 30, 2015 with the OCRC and the EEOC.

49. By the above stated acts, Defendant has violated Title VII by retaliating against Plaintiff because of his protected activity.

50. Defendant retaliated against Plaintiff based on his protected activity by terminating his employment, although similarly situated Caucasian employees who did not engage in protected activity were treated more favorably in similar circumstances.

51. Defendant's acts were with malice and reckless disregard for Plaintiff's federally protected civil rights.

52. As a direct and proximate result of Defendant's unlawful and retaliatory conduct, Plaintiff is entitled to damages, injunctive relief, and any other appropriate relief, including but

not limited to: (a) lost wages and fringe benefits; (b) loss of the opportunity to continue the gainful employment in which he had been engaged; (c) loss of future earnings and front pay; (d) loss of reputation, humiliation and embarrassment; and (3) time and money in endeavoring to protect himself from Defendant's retaliation, including costs and reasonable attorney's fees of this action.

## THIRD CLAIM FOR RELIEF
### (Violation of Ohio Revised Code § § 4112.02(I) For Retaliation)

53. Plaintiff reavers, realleges, and incorporates herein each and every averment and allegation of this Complaint as though fully set forth herein verbatim.

54. Defendant is an employer as that term is identified in O.R.C. § § 4112.01, et seq.

55. Plaintiff is an individual formerly employed by Defendant and is therefore an employee as defined within the meaning of O.R.C. § 4112.01(A)(3).

56. Plaintiff engaged in protected activity when he filed charges of discrimination on November 18, 2015 and discrimination and retaliation on November 30, 2015 with the OCRC and the EEOC.

57. Defendant terminated Plaintiff in response to Plaintiff's protected activity and his termination occurred because of his protected activity in violation of O.R.C. § 4112.02(I).

58. At the time Plaintiff was terminated he was qualified for the position he held.

59. As a direct and proximate result of Defendants' unlawful and retaliatory conduct, Plaintiff is entitled to damages, injunctive relief, and any other appropriate relief as set forth under O.R.C. § 4112.99, including but not limited to: (a) reinstatement; (b) lost wages; (c) loss of pension benefits; (d) loss of insurance benefits; (e) loss of other fringe benefits; (f) loss of the opportunity to continue the gainful employment in which he had been engaged; (g) loss of future earnings and front pay; (h) loss of reputation, humiliation and embarrassment; and (i)

time and money in endeavoring to protect himself from Defendants' retaliation, including costs and reasonable attorney's fees of this action.

**FOURTH CLAIM FOR RELIEF**
**Race Discrimination**
**Title VII - 42 U.S.C. § 2000e et seq.**

60. Plaintiff reavers, realleges, and incorporates herein each and every averment and allegation of this Complaint as though fully set forth herein verbatim.

61. By the above acts, Defendant has violated Title VII by discriminating against Plaintiff because of his race in the terms, conditions and privileges of his employment.

62. Defendant discriminated against Plaintiff based on his race by stretching his routes and subjecting him to increased workload.

63. Defendant discriminated against Plaintiff based on his race by applying the seniority bumping rules in a racially discriminatory manner.

64. Defendant discriminated against Plaintiff based on his race by terminating his employment, although similarly situated Caucasian employees were treated more favorably in similar circumstances.

65. Defendant's acts were with malice and reckless disregard for Plaintiff's federally protected civil rights.

66. As a direct and proximate result of Defendant's unlawful and discriminatory conduct, Plaintiff is entitled to damages, injunctive relief, and any other appropriate relief, including but not limited to: (a) lost wages and fringe benefits; (b) loss of the opportunity to continue the gainful employment in which he had been engaged; (c) loss of future earnings and front pay; (d) Loss of reputation, humiliation and embarrassment; and (e) time and money in

endeavoring to protect himself from Defendant's discrimination, including costs and reasonable attorney's fees of this action.

### FIFTH CLAIM FOR RELIEF
### Race Discrimination
### O.R.C. §§ 4112.02 and 4112.99

67. Plaintiff reavers, realleges, and incorporates herein each and every averment and allegation of this Complaint as though fully set forth herein verbatim.

68. By the above acts, Defendant has violated Ohio law by discriminating against Plaintiff because of his race in the terms, conditions and privileges of his employment.

69. Plaintiff's race was a factor which made a difference in Defendant's: (a) decision to stretch his routes and subjecting him to an increased workload; (b) application of the seniority bumping rules; and (c) the decision to terminate him in violation of Ohio law.

70. Defendant discriminated against Plaintiff based on his race by stretching his routes and subjecting him to increased workload.

71. Defendant discriminated against Plaintiff based on his race by applying the seniority bumping rules in a racially discriminatory manner.

72. Defendant discriminated against Plaintiff based on his race by terminating his employment, although similarly situated Caucasian employees were treated more favorably in similar circumstances.

73. As a direct and proximate result of Defendant's unlawful and discriminatory conduct, Plaintiff is entitled to damages, injunctive relief, and any other appropriate relief, including but not limited to: (a) lost wages and fringe benefits; (b) loss of the opportunity to continue the gainful employment in which he had been engaged; (c) loss of future earnings and front pay; (d) Loss of reputation, humiliation and embarrassment; and (e) time and money in

endeavoring to protect himself from Defendant's discrimination, including costs and reasonable attorney's fees of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant for lost wages, benefits, and other compensation, compensatory and punitive damages for emotional distress, anxiety, humiliation and embarrassment, all in an amount exceeding the sum of $100,000.00 plus his attorney's fees, expert witness fees, and costs of this action, all together with prejudgment and post judgment interest. Plaintiff also seeks equitable relief in the form of reinstatement or front pay, as the court deems appropriate, and an amount of liquidated damages in the amount of the above-requested award. Plaintiff further prays for such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff herein demands a trial by jury of all issues in this action.

**RESPECTFULLY SUBMITTED.**

**Dated: January 19, 2017.**  **CHARLES HERMAN LAW**

**/S/ Charles S. Herman**  
**Charles S. Herman (0080187)**
**Charles Herman Law**
**411 N. Michigan, Suite 300**
**Toledo, OH 43604**
**PH:   419-244-7500**
**FAX:  419-244-7805**
**E-Mail:charles@charleshermanlaw.com**

**Attorney for Plaintiff**